UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
01 OCT 12 PM 1:2
N.D OF ALABAMA

| | |
|---|---|
| JESSICA GOGGINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. CV-00-S-3585-S |
| ) | |
| JEFFERSON COUNTY BOARD OF ) | |
| EDUCATION, JACKIE DAVIDSON, ) | |
| DAVID LOTT, KEVIN WALSH, ) | ENTERED |
| JACQUELINE A. SMITH AND ) | |
| JENNIFER PARSONS, EACH ) | OCT 1 2 2001 |
| INDIVIDUALLY AND AS MEMBERS ) | |
| OF THE JEFFERSON COUNTY ) | |
| BOARD OF EDUCATION; H. BRUCE ) | |
| WRIGHT, RANDLE E. CASSADY, ) | |
| STEVEN L. STEWART, ) | |
| INDIVIDUALLY AND IN THEIR ) | |
| OFFICIAL CAPACITIES, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

This action is before the court on four motions, only three of which shall be addressed in this opinion.

The first two are a motion to quash (doc. no. 26) and an amended motion to quash (doc. no. 31) a subpoena for counseling records, brought by the State of Alabama, by and through the office of the District Attorney of the Tenth Judicial Circuit, Bessemer Division, and on behalf of the Jefferson County Child Advocacy Center and Debra Schneider ("State"). The third is a motion to compel the production of those counseling records (doc. no. 35), filed by defendant Steven L. Stewart ("Stewart") in response to the State's amended motion to quash. Upon consideration of the pleadings and oral arguments, the court concludes that the motions are due to be granted in part and

45

denied in part.

Plaintiff Jessica Goggins ("Goggins") filed her complaint against Stewart, the Jefferson County Board of Education, and the above-named individual defendants following Stewart's alleged sexual harassment and/or misconduct while Goggins was Stewart's student at Pleasant Grove High School in Jefferson County, Alabama. (Complaint at ¶¶ 5-15.) At a date unspecified in the motions to quash, Goggins began counseling with Debra Schneider ("Schneider") for the mental and psychological effects of the alleged abuse. (Motion to Quash at unnumbered page 1; Amended Motion to Quash at unnumbered page 2.)

Schneider is a licensed, practicing counselor in the State of Alabama, and now asserts Goggins's privilege as to the contents of those counseling records. (Motion to Quash at unnumbered page 1; Amended Motion to Quash at unnumbered page 2.) Stewart, meanwhile, seeks these records because

> they are relevant and necessary to properly defend this claim. It would be inherently unfair to allow the plaintiff to allege 'significant mental injury' and demand damages for mental anguish and not allow the defendants access to the plaintiff's records for counseling allegedly resulting from the incidences [sic] made the basis of this suit.

(Motion to Compel at ¶ 6.)

The State asserts that Stewart's subpoena should be quashed in light of the "counselor-client privilege" embodied in Alabama Rule of Evidence 503A and Alabama Code § 34-8A-21. (Motion to Quash at unnumbered page 2; Amended Motion to Quash at unnumbered page 2.) The State requests that this court issue an order "recognizing and enforcing that statutorily proscribed privilege, which effect [sic] is to protect the person who seeks professional counseling from disclosure of information and communications during those sessions." (Amended Motion to Quash at

2

unnumbered page 2.) The State also argues that the "information sought is not necessary or required for the litigation of this matter." *Id.*

Goggins has brought federal question claims before this court on the basis of Title IX of the Education Amendment Act of 1972, codified at 20 U.S.C. § 168(e) *et seq.*, and 42 U.S.C. § 1983. Goggins also asks this court to exercise supplemental jurisdiction under 28 U.S.C. § 1367 over three state law claims — battery, invasion of privacy, and the tort of outrage.[1] (Complaint at ¶¶ 9-24, 33, Part IV.) For these claims, Goggins seeks compensatory damages, including those for her mental anguish, and punitive damages. (Complaint at Part IV.) These claims are important here in light of Rule 501 of the Federal Rules of Evidence, which provides that, "with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law." Fed. R. Evid. 501. As such, this court looks to the Alabama law of privilege to determine the questions before it.

The Alabama Rules of Evidence govern proceedings in the courts of that State. Rule 503A recognizes a counselor-client privilege.

> **(b) General Rule of Privilege.** A client[2] has a privilege to refuse to disclose, and to prevent any other person from disclosing, a confidential communication made for the purpose of facilitating the rendition of counseling services to the client.

---

[1] Goggins has not specifically pointed to 28 U.S.C. § 1367, but that statute would serve as the basis of this court's jurisdiction over Goggins's state law claims for battery, invasion of privacy and the tort of outrage. Amended Complaint at Count 4.

[2] The term "client" is defined by Ala. R. Evid. 503A(a)(1) as meaning:

a person who, for the purpose of securing professional counseling services, consults with a licensed professional counselor or a certified counselor associate. It also means a person who, for the purpose of securing counseling services as the result of either sexual assault or family violence, consults with a victim counselor.

3

> **(c) Who May Claim the Privilege.** The privilege may be claimed by the client, the client's guardian or conservator, or the personal representative of a deceased client. *The person who was the licensed counselor*, counselor associate, or victim counselor *at the time of the communication is presumed to have authority to claim the privilege, but only on behalf of the client.*

Ala. R. Evid. 503A(b) – (c) (emphasis supplied). Rule 503A is an amalgam of two statutory privileges created by the Alabama Legislature: one, codified at Alabama Code §§ 34-8A-1 to -23 (1975), granted a privilege to clients receiving professional counseling services by a licensed professional counselor or certified counselor associate; while the other, codified at *id.* § 15-23-41, protected communications by victims of sexual abuse or family violence to a victim counselor. *See* Ala. R. Evid. 503A advisory committee's note (observing that "the Rule 503A counselor-client privilege [was] created largely by combining two preexisting Alabama statutes"); II Charles W. Gamble, *McElroy's Alabama Evidence* § 420.01 (5th ed. 1996).

The parties do not dispute that Goggins is a "client" under Rule 503A(a)(1),[3] that Schneider is a "licensed professional counselor" under 503A(a)(2), or that Goggins made "confidential communication[s]" to Schneider within the meaning of Rule 503A(a)(3). The issue here arises instead from an exception contained within Rule 503A(d):

> (3) *When the Client's Condition Is an Element of a Claim or a Defense.* There is *no privilege* under this rule as to a communication relevant to an issue regarding the mental or emotional condition of the client, *in any proceeding in which the client relies upon the condition as an element of the client's claim or defense*, or, after the client's death, in any proceeding in which any party relies upon the condition as an element of the party's claim or defense.

Ala. R. Evid. 503A(d)(3) (emphasis added). In other words, there is no client-counselor privilege "when the client, under either a claim or defense, puts at issue his or her mental or emotional condition." II Charles W. Gamble, *McElroy's Alabama Evidence* § 420.01(10)(c), at 1701 (5th ed.

---

[3] *See supra* note 2.

4

1996).

The State correctly observes that this exception is not embodied in Alabama Code § 34-8A-21.[4] From that basis the State argues: (i) the language of the statute — not that of the superceding rule — defines the counselor-client privilege in Alabama; and (ii) the exception created by court-made rule should not be recognized by this court. (Amended Complaint at unnumbered page 2.) The State acknowledges that the advisory committee's notes state that the Alabama Rules of Evidence are intended to supercede Alabama statutes where pertinent, but argues that the committee notes are meant only to be persuasive. (Amended Motion to Quash at unnumbered page 2.) This court finds the advisory committee notes particularly persuasive in the instant case, especially when it considers that the Rules were adopted by the Supreme Court of Alabama, effective January 1, 1996,[5] and as such were intended to supersede the Code of Alabama where applicable.[6]

Goggins seeks "compensatory damages, including for mental anguish." (Amended Complaint at IV.) By seeking recompense for her alleged mental anguish, Goggins has put her

---

[4] Alabama Code § 34-8A-21, titled "Privileged Communications," reads as follows:

> For the purpose of this chapter, the confidential relations and communications between licensed professional counselor or certified counselor associate and client are placed upon the same basis as those provided by law between attorney and client, and nothing in this chapter shall be construed to require any such privileged communications to be disclosed.

Ala. Code § 34-8A-21 (1975).

[5] Ala. R. Evid. 1103 ("In a proceeding to which Rule 1101 would make these rules applicable, these rules shall apply if the proceeding begins on or after January 1, 1996."); *see also* Order of Supreme Court of Alabama entered on July 19, 1995 (656 So. 2d Advance Sheets No. 32 (August 10, 1995)) (cited in Charles W. Gamble, *Drafting, Adopting and Interpreting the New Alabama Rules of Evidence: A Reporter's Perspective*, 47 Ala. L. Rev. 1, 4 (1995)).

[6] *See* Ala. R. Evid. 503A advisory committee's notes ("Rule 503A is intended to supercede these preexisting statutes, except as might otherwise be expressly provided."); Alabama Code § 34-8A-21 editor's notes ("Rule 503A of the Alabama Rules of Evidence supersedes this section except as might otherwise be expressly provided."); *see also* Gamble, *supra* note 5, at 4-7. Gamble discusses the ability of the Alabama Supreme Court to promulgate rules of evidence, especially in light of overlapping statutory authority handed down by the Alabama Legislature. Gamble concludes: "It must be acknowledged that some preexisting, statutory rules of evidence will be inconsistent with the Alabama Rules of Evidence. *Whenever this occurs, the court rule prevails.*" *Id.* at 7 (emphasis supplied). For a particularly well-developed discussion of the rule-making power of the Alabama Supreme Court, see Terry A. Moore, *Does the Alabama Supreme Court Have the Power to Make Rules of Evidence?*, 25 Cumb. L. Rev. 331 (1995).

mental condition at issue. *See* Ala. R. Evid. 503A(d)(3). This court thus finds that the Rule 503A(d)(3) exception prevents the client-counselor privilege from excluding Schneider's counseling records from the body of evidence in this case. Defendant Stewart's motion to compel production of such records is due to be granted.

Further, construing the State's amended motion to quash as seeking an appropriate protective order to guard Goggins's privacy, that motion also is due to be granted, but only to that extent. The parties shall be directed to confer, and to present this court with a consent protective order on or before the close of business on Monday, October 15, 2001, limiting the disclosure of Goggins's confidential records to counsel of record and any retained expert witnesses.

An appropriate order consistent with this opinion shall be entered contemporaneously herewith.

DONE this 12th day of October, 2001.

_____
United States District Judge

6